**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:03CR24-001 |
| | § | |
| DONALD EARL JACKSON, JR. | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 17, 2010, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Donald Earl Jackson, Jr. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by court-appointed federal defender, Kenneth Hawk.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. On October 14, 2003, District Judge William M. Steger sentenced Defendant to 77 months imprisonment followed by a term of 3 years supervised release, subject to the standard conditions of release, plus special conditions to include drug testing and treatment. On January 29, 2009, Defendant completed the term of imprisonment and began the term of supervised release.

The case has been reassigned to District Judge Leonard Davis.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from committing another federal, state or local crime. In its petition, the government alleges that

1

Defendant violated his term of supervised release by committing the offenses of Criminal Mischief over $50 and under $500, Interfering with an Emergency Call, and Assault Causing Bodily Injury Family Violence.

If the Court finds by a preponderance of the evidence that Defendant committed the offenses stated above, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). The Court may then revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision. In exchange, the government agreed to recommend that Defendant serve 12 months and 1 day in prison, with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Defendant Donald Earl Jackson, Jr. be committed to the custody of the Bureau of Prisons for a term of imprisonment of 12 months and 1 day with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be El Rino, Oklahoma.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 20th day of December, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE